IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WILLIAM R. GEIST, JR.,<br>　　　Plaintiff, | *<br>*<br> |
| v. | CIVIL ACTION NO. CCB-07-905 |
| | * |
| TRANSIT METRO BUS ASSOCIATION,<br>　　　Defendant. | *<br>****** |
| | |
| WILLIAM R. GEIST, JR.,<br>　　　Plaintiff, | *<br>*<br> |
| v. | CIVIL ACTION NO. CCB-07-1129 |
| | * |
| STEPHEN B. FRASIER,<br>　　　Defendant. | *<br>****** |

**MEMORANDUM**

On April 3, 2007, the court received correspondence from plaintiff which was construed as a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Paper No. 1, Civil Action No. CCB-07-905. Because it was not clear whether plaintiff intended to file a civil rights complaint or was attempting to enforce a judgment entered in another jurisdiction, he was directed to supplement his complaint. Paper No. 2, Civil Action No. CCB-07-905.

On May 2, 2007, the court received what was deemed a new civil rights complaint filed by plaintiff. Paper No. 1, Civil Action No. CCB-07-1129. Upon review, it appears that this paper was plaintiff's attempt to comply with the April 23, 2007, order directing him to supplement the complaint. Accordingly, the cases shall be consolidated for further review.

Plaintiff has filed a motion for leave to proceed in forma pauperis (Paper No. 2, Civil Action No. CCB-07-1129) which shall be granted.

Plaintiff's latest filing sheds no additional light on the nature of his complaint.  This court is required by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted.  In deciding whether a complaint is frivolous "[t]he  district court need not look beyond the complaint's allegations . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).  Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious. *See, e.g., Flint v. Haynes*, 651 F.2d 970, 974 (4th Cir.1981); *Boyce,* 595 F.2d at 951; *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir.1983); *Holloway v. Gunnell*, 685 F.2d 150, 155 (5th Cir.1982); *Milton v. Nelson*, 527 F.2d 1158, 1160 (9th Cir.1976).

The papers filed by plaintiff are difficult to comprehend.   The instant complaint does not allege a claim, but simply lists conclusory statements such as "expungement of records, case issues, Geist, Jr., vs. U.S.A., Police brutality and false imprisonment...." Paper No. 1 at p. 4.  A complaint that is totally implausible , incomprehensible, or frivolous,  may be dismissed sua sponte for lack of subject matter jurisdiction pursuant to Fed  R. Civ. P 12 (b)(1). *See Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999)*; O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994); *see also  Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative). Accordingly, plaintiff's complaint shall be dismissed without prejudice.

|  |  |
|---|---|
| __May 21, 2007__ | _____/s/_____ |
| Date | Catherine C. Blake |
|  | United States District Judge |

2